UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| AYAN KAI ROBERTS, et al.,<br><br>Plaintiffs,<br><br>vs.<br><br>DWAYNE BARTELS, et al.,<br><br>Defendants. | Case No: C 12-06119 SBA<br><br>**ORDER GRANTING MOTION TO DISMISS AND REMANDING ACTION**<br><br>Docket 32 |

The parties are presently before the Court on Defendant Federal Home Loan Mortgage Corporation's ("Freddie Mac") motion to dismiss the second amended complaint ("SAC"). Dkt. 32. Plaintiffs Ayan Kai Roberts and Kermanisha Sanders (collectively, "Plaintiffs") oppose the motion. Dkt. 33. Having read and considered the papers filed in connection with this matter and being fully informed, the Court hereby GRANTS Freddie Mac's motion without leave to amend, and REMANDS the case to the Superior Court of California, County of Contra Costa. The Court, in its discretion, finds this matter suitable for resolution without oral argument. See Fed.R.Civ.P. 78(b); N.D. Cal. Civ. L.R. 7-1(b).

I.  **BACKGROUND**

   A.  **Factual Summary**

Plaintiffs are the former tenants of a home that was foreclosed upon by Freddie Mac located at 556 Eighth Street, Richmond, CA 94801 (the "Property"). Prior to the foreclosure, Plaintiffs rented the Property from Defendant Ira G. Ross, Sr. ("Ross") pursuant to an oral lease agreement that commenced on or about 2008 or 2009. SAC ¶¶ 2-5. Plaintiffs allege that Ross agreed to provide them with "the exclusive right to possession and the quiet enjoyment of the Premises and to maintain the Premises in habitable

condition" in exchange for "the agreed amount of rent." Id. ¶ 5. According to Plaintiffs, all utilities were included in their monthly rent.[1] Id.

On September 23, 2010, Freddie Mac acquired the Property through foreclosure. Def.'s Request for Judicial Notice ("RJN"), Exh. B, Dkt. 32-1. On February 18, 2011, Freddie Mac filed an unlawful detainer action against Plaintiffs. Def.'s RJN, Exh. C. On July 18, 2011, Freddie Mac voluntarily dismissed the unlawful detainer action. Id., Exh. D. In February 2012, Freddie Mac sold the Property to a third-party. Def.'s Mot. at 7. Plaintiffs voluntarily moved out of the Property on or about April 5, 2012. See SAC ¶ 34.

While Plaintiffs allege that Freddie Mac is liable for violations of various state laws for terminating utility services and for allowing the Property to become dilapidated, see SAC ¶¶ 12, 14, 17, 25-28, they do not allege that they had a written lease with Freddie Mac or that they paid any rent to Freddie Mac. Instead, Plaintiffs allege that a rental agreement existed "by operation of law," and that Plaintiffs and Freddie Mac had a "landlord-tenant contractual relationship" under the Protecting Tenants at Foreclosure Act ("PTFA"), Pub. L. No. 111–22, § 702, 123 Stat. 1660 (2009), and a City of Richmond Ordinance. Id. ¶¶ 1, 7.

**B.    Procedural History**

On April 20, 2012, Plaintiffs commenced the instant action in the Superior Court of California, County of Contra Costa, against Freddie Mac and others alleging eight state law claims. See Notice of Removal, Dkt. 1. On December 3, 2012, Freddie Mac removed the action to this Court pursuant to 12 U.S.C. § 1452(f).[2] Id.

---

[1] Plaintiffs do not allege the amount of monthly rent they paid to Ross or the duration of their oral lease with Ross.

[2] Freddie Mac is a corporate entity organized and existing pursuant to the Federal Home Loan Mortgage Corporation Act, 12 U.S.C. § 1451, et seq. Section 1452 states that "all civil actions to which the [Freddie Mac] Corporation is a party shall be deemed to arise under the laws of the United States, and the district courts of the United States shall have original jurisdiction of all such actions, without regard to amount or value. . . ." 12 U.S.C. § 1452(f)(2). The statute further states that any civil action "in a court of a State . . . to which the [Freddie Mac] Corporation is a party may at any time before the trial thereof be removed by the Corporation . . . to the district court of the United States for the district and division embracing the place where the same is pending . . . by following any procedure for removal of causes in effect at the time of such removal." 12 U.S.C. § 1452(f)(3).

On February 19, 2013, Magistrate Judge Elizabeth Laporte issued a Report and Recommendation in which she recommended that this Court dismiss the first amended complaint ("FAC") with leave to amend. Dkt. 25. In her Report and Recommendation, the magistrate concluded that Plaintiffs' first, second, third, fourth, sixth, seventh, and eighth claims for relief against Freddie Mac failed as a matter of law because Plaintiffs did not allege facts establishing a landlord-tenant relationship.[3] Id. Specifically, the magistrate found that Plaintiffs had failed to allege a landlord-tenant relationship under the PTFA because they admitted at the hearing on the motion that they did not pay Freddie Mac any rent after Freddie Mac acquired the Property through foreclosure. Id.

In addition, the magistrate found that the Plaintiffs had not alleged a landlord-tenant relationship under the City of Richmond Ordinance because they were not evicted from the Property and they conceded that they never paid rent to Freddie Mac. Dkt. 25. Finally, the magistrate found that Plaintiffs failed to show that Freddie Mac is estopped from arguing that no landlord-tenant relationship existed because Freddie Mac filed an unlawful detainer action against them. Id. The magistrate concluded that judicial estoppel is inapplicable because Plaintiffs did not demonstrate that the state court accepted and relied upon Freddie Mac's position regarding a landlord-tenant relationship. Id.

On February 19, 2013, the case was reassigned to the undersigned. Dkt. 27. On March 11, 2013, the Court adopted the Magistrate's Report and Recommendation. Dkt. 29. In doing so, the Court noted that Plaintiffs did not object to the Report and Recommendation. Id. On April 10, 2013, Plaintiffs filed a SAC alleging the following claims against Freddie Mac: (1) negligent violation of California Civil Code § 89.3; (2) intentional violation of California Civil Code § 789.3; (3) negligent breach of the implied warranty of habitability; (4) negligent violation of California Civil Code §§ 1941.1, 1941.3, 1942.4, and Health & Safety Code § 17920.4; (5) wrongful eviction; (6) intentional

---

[3] The Magistrate also concluded that Plaintiffs' fifth claim for relief based on a violation of California Public Utilities Code § 777.1 failed because Freddie Mac is not a utility company, and because Plaintiffs conceded at the hearing that this claim should be dismissed. Dkt. 25.

1 infliction of emotional distress; and (7) nuisance.  See SAC, Dkt. 30.  Freddie Mac now
2 moves to dismiss the SAC for failure to state a claim.  Dkt. 32.  Plaintiffs oppose the
3 motion.  Dkt. 33.

**II.    LEGAL STANDARD**

"Dismissal under Rule 12(b)(6) is proper when the complaint either (1) lacks a cognizable legal theory or (2) fails to allege sufficient facts to support a cognizable legal theory."  Somers v. Apple, Inc., 729 F.3d 953, 959 (9th Cir. 2013).  Rule 8 of the Federal Rules of Civil Procedure requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed.R.Civ.P. 8(a)(2).  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' "  Ashcroft v. Iqbal, 563 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  A claim has facial plausibility when a plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Iqbal, 556 U.S. at 678.

In assessing the sufficiency of the pleadings, "courts must consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice."  Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 322 (2007).  The court is to "accept all factual allegations in the complaint as true and construe the pleadings in the light most favorable to the nonmoving party."  Outdoor Media Group, Inc. v. City of Beaumont, 506 F.3d 895, 899-900 (9th Cir. 2007).  However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions.  Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Iqbal, 563 U.S. at 678.  "While legal conclusions can provide the complaint's framework, they must be supported by factual allegations."  Id. at 679.  Those facts must be sufficient to push the claims "across the line from conceivable to plausible."  Id. at 683.  Ultimately, the

allegations must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Twombly, 550 U.S. at 555 (internal quotation marks and citation omitted).

Where a complaint or claim is dismissed, "[l]eave to amend should be granted unless the district court determines that the pleading could not possibly be cured by the allegation of other facts." Knappenberger v. City of Phoenix, 566 F.3d 936, 942 (9th Cir. 2009). Leave to amend is not required where permitting further amendment to the pleadings would be futile. See Deveraturda v. Globe Aviation Sec. Servs., 454 F.3d 1043, 1049-1050 (9th Cir. 2006).

### III. DISCUSSION

#### A. Requests for Judicial Notice

Freddie Mac and Plaintiffs have both filed a request for judicial notice. Freddie Mac requests the Court take judicial notice of the following documents: (1) Deed of Trust recorded on May 1, 2003 in the official records of Contra Costa County as Document No. 2003-0199201; (2) Trustee's Deed Upon Sale recorded on October 4, 2010 in the official records of Contra Costa County as Document No. 2010-0212610; (3) Summons and Complaint for Case No. RS 11-0406 filed in the Superior Court of California, County of Contra Costa ("Case No. RS 11-0406"); (4) Request for Dismissal in Case No. RS 11-0406; and (5) Grant Deed recorded on February 17, 2012 in the official records of Contra Costa County as Document No. 2012-0037449. Def.'s Request for Judicial Notice ("RJN"), Exhs. A-E. Plaintiffs request the Court take judicial notice of the complaint filed in Case No. RS 11-0406. Pls.' RJN, Dkt. 33-1. Neither party has objected to the other party's request for judicial notice.

Under Federal Rule of Evidence 201, the court may judicially notice a fact that is not subject to reasonable dispute because it: (1) "is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed.R.Evid. 201(b). A court may take judicial notice of court filings and other matters of public record. Reyn's Pasta Bella, LLC v. Visa

USA, Inc., 442 F.3d 741, 746 n. 6 (9th Cir. 2006) see Hutson v. American Home Mortgage Servicing, Inc., 2009 WL 3353312, at *3-4 (N.D. Cal. 2009) (taking judicial notice of the deed of trust and other documents related to the loan as matters of public record). Here, because the documents the parties request the Court take judicial notice of are matters of public record, the Court GRANTS Freddie Mac's request for judicial notice and GRANTS Plaintiffs' request for judicial notice.

### B. Motion to Dismiss

Freddie Mac contends that its motion to dismiss should be granted because the allegations in the SAC are virtually identical to the allegations in the FAC and "the fatal defects remain and cannot be cured." Def.'s Mot. at 5-6. In response, Plaintiffs do not dispute that the SAC does not allege any new facts. Instead, Plaintiffs offer various arguments as to why dismissal is inappropriate. However, none of the arguments proffered by Plaintiffs demonstrate that a landlord-tenant relationship existed between Freddie Mac and Plaintiffs or otherwise demonstrate that dismissal of the claims against Freddie Mac is inappropriate.

Where, as here,[4] a lease is subordinate to the deed of trust, it is extinguished by the foreclosure sale. Dover Mobile Estates v. Fiber Form Products, Inc., 220 Cal.App.3d 1494, 1498 (1990). A tenant under a subordinated lease who remains in possession after the foreclosure sale does so as a holdover tenant (i.e., tenant at sufferance) or a mere trespasser. See id.; Aviel v. Ng, 161 Cal.App.4th 809, 820 (2008). "There is no landlord-tenant relationship between the purchaser and the lessee." 5 Miller & Starr, Cal. Real Estate § 11:101 (3d ed. 2011); see Aviel, 161 Cal.App.4th at 820 ("There is no contractual relationship between a holdover tenant and the landlord."). "The relation between the purchaser and tenant is that of owner and trespasser, until some agreement, express or implied, is made between them with reference to occupation." Dover Mobile Estates, 220

---

[4] On April 25, 2003, Ross obtained a loan for the Property from Flagstar Bank, FSB secured by a deed of trust. Def.'s RJN, Exh. 8. In or about 2008 or 2009, Plaintiffs rented the Property from Ross pursuant to an oral lease agreement. SAC ¶¶ 3, 5.

- 6 -

Cal.App.3d at 1499 (quotation marks omitted). "In order to enforce the fee title, and the right to possession, the foreclosure sale purchaser may dispossess any person in possession by an action in ejectment or unlawful detainer." 5 Miller & Starr, Cal. Real Estate § 11:101 (3d ed. 2011). However, "if the purchaser of foreclosed property accepts rent from the former tenant, a month-to-month tenancy is created under the terms of the terminated lease." Aviel, 161 Cal.App.4th at 820.

Here, other than the occupancy rights provided by the PTFA[5] and the City of Richmond Ordinance,[6] Plaintiffs' rights as a lessee were extinguished by the foreclosure sale. Because it is undisputed that Plaintiffs did not pay rent after Freddie Mac acquired the Property through foreclosure, no new tenancy was created between Plaintiffs and Freddie Mac. Thus, the parties did not have reciprocal landlord-tenant obligations. As such, Plaintiffs cannot maintain claims against Freddie Mac predicated on a landlord-tenant relationship. See Currie v. US Bank National Association, 2012 WL 6182304, at *6 (2012) (unpublished opinion)

Plaintiffs have not proffered any authority or legal analysis demonstrating that a landlord-tenant relationship existed. While Plaintiffs argue that they and Freddie Mac had

---

[5] PTFA "requires any owner who acquires property through foreclosure to give any existing bona-fide residential tenant at least 90 days written notice to vacate the premises. . . . In addition, the tenant may occupy the premises through the balance of the lease term unless the owner or the person to whom the owner sells the foreclosed property will occupy the property as his or her primary residence." See 7 Miller & Starr, Cal. Real Estate (3d ed. 2011-2012 supp.) § 19:59.10. The objective of these tenant protections is to "ensure that tenants receive appropriate notice of foreclosure and are not abruptly displaced." Nativi v. Deutsche Bank Nat. Trust Co., 2010 WL 2179885, at *3 (N.D. Cal. 2010). "The PTFA was intended to allow tenants who are victims of the foreclosing crisis a protection that can be used in the state courts to combat unlawful evictions." Id.

[6] The City of Richmond Ordinance provides:

> During the period that a rental unit is owned after transfer of title to the unit due to a sale under the power of sale of a deed of trust or foreclosure, and until such time as the rental unit is sold to a purchaser for value, a landlord may bring an action to recover possession of the rental unit only upon one of the following grounds. . . .

City of Richmond Ordinance § 7.105.020. The grounds for eviction include, among other things, failure to pay rent, and illegal conduct by the tenant. See id. Thus, the ordinance limits the grounds for eviction. Notably, it is undisputed that Plaintiffs were not evicted from the Property.

- 7 -

"a landlord-tenant contractual relationship" under the PTFA and the City of Richmond Ordinance, their opposition inexplicably fails to provide any legal analysis in support of this argument. Accordingly, Plaintiffs' unsupported argument is uncompelling. It is not the role of the Court to make the parties' arguments for them. See Indep. Towers of Wash. v. Wash., 350 F.3d 925, 929 (9th Cir. 2003) ("Our adversarial system relies on the advocates to inform the discussion and raise the issues to the court.").

As set forth above, the Court adopted the magistrate's Report and Recommendation in which she concluded that dismissal of the claims in the FAC alleged against Freddie Mac was appropriate because Plaintiffs and Freddie Mac did not have a landlord-tenant relationship. In so concluding, the magistrate specifically found that the FAC did not allege a landlord-tenant relationship under the PTFA or the City of Richmond Ordinance. Plaintiffs have not alleged any new facts in the SAC or cited any authority showing that the Court's previous determination was incorrect. Nor have they shown that any of their claims against Freddie Mac survive a motion to dismiss in the absence of a landlord-tenant relationship. Accordingly, Freddie Mac's motion to dismiss is GRANTED.[7] Because Plaintiffs failed to correct the deficiencies previously identified by the Court, Plaintiffs' claims against Freddie Mac are dismissed with prejudice.

**C.    Remaining State Law Claims**

Subject matter jurisdiction in this case is predicated on Freddie Mac's status as a federal agency. Having now dismissed with prejudice all the claims alleged against Freddie Mac and given the early stage of this litigation, the Court exercises its discretion and declines to assert supplemental jurisdiction over Plaintiffs' remaining state law claims. See 28 U.S.C. § 1367(c)(3) (a district court may decline to exercise supplemental jurisdiction if it has dismissed all claims over which it has original jurisdiction); Sanford v. MemberWorks, Inc., 625 F.3d 550, 561 (9th Cir. 2010) ("'[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under

---

[7] Given this ruling, the Court does not reach Freddie Mac's alternative arguments for dismissal.

the pendent jurisdiction doctrine—judicial economy, convenience, fairness, and comity—will point toward declining to exercise jurisdiction over the remaining state-law claims.' "). Therefore, the Court remands this action to the state court from which it was removed. See Harrell v. 20th Century Ins. Co., 934 F.2d 203, 205 (9th Cir. 1991) ("it is generally preferable for a district court to remand remaining pendent claims to state court. . . .").

## IV. CONCLUSION

For the reasons stated above, IT IS HEREBY ORDERED THAT:

1. Freddie Mac's motion to dismiss is GRANTED without leave to amend.

2. This action is REMANDED to the Superior Court of California, County of Contra Costa.

3. The Clerk shall close the file and terminate all pending matters.

IT IS SO ORDERED.

Dated: 11/25/2013

_____
SAUNDRA BROWN ARMSTRONG
United States District Judge